OPINION of the Court, by
Judge Boyle.--On
On the 23d of September 1805, Taylor entered into a contract w*t^1 Lillard, to “ build the said Lillard a keel boat, sufficient to freight 500 barrels of flour to Orleans, the said boat to be built of the best white oak, the whole to done in the strongest and neatest workmanlike man, and completed by the first of February next; the Said Lillard to furnish all the necessary irons, tar and Her value when done, was to have been ascertained by the judgment of men named, in the agreement. After the boat was completed, a dispute arose about her price, and the men named in the agreement not being present to value her, others were chosen. These men differing as to the price of the boat, the parties themselves came to an agreement, and after adjusting the credits to which Lillard was entitled for paymenti *447 before that time made, he executed his note to Taylor for the balance of the-price of the boat ; to enjoin the judgment at law obtained on this note, Lillard filed his bill. The injunction was dissolved on motion, and the bill on a final hearing was dismissed with costs j from which decree this appeal has been taken.
The sole ground upon which Lillard claims the interposition of a court of equity, is, that the boat was not completed at the time, and in the manner stipulated. As to the delay in the time of finishing the boat, it is dear from the evidence in the cause, that it was in part, if not in whole, owing to his own negligence in not having ready in proper time the materials which by the contract he was bound to furnish ; that the boat was strong and well built, the proof is sufficiently satisfactory ; as to the neatness of the workmanship, there is some contrariety of evidence, but as it was not done for a price stipulated beforehand, and the boat was not refused on the score of its not having been done with, sufficient neatness, that it wanted something in the niceness of its polish, cannot be an important consideration.
Taking then, the cause upon the grounds of the original contract, and it is clear that Lillard has no just reason to complain.
Rut the parties having themselves adjusted the dispute which grew out of the original contract, and the manner of its performance, there exists not the slightest pretext for the interposition of a court of equity. When a controversy has been onee settled by the parties themselves, they never can be permitted in a court of chancery to unravel the settlement, unless manifest fraud has been practised, or a gross and palpable mistake has taken place ; neither of which, is either alleged or proven in the present case.
Upon the whole, we are clearly of opinion, that the decree pronounced by the circuit court herein, is correct and ought to stand unchanged.